IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION, a Delaware
Corporation, as successor in
interest to DEUTSCHE FINANCIAL
SERVICES CORPORATION                                    PLAINTIFF

                      Civil No. 09-2035

CRABTREE RV CENTER, INC.,
an Arkansas Corporation                                DEFENDANT


          and


BANK OF AMERICA, N.A.                                   PLAINTIFF

          v.           Civil No. 09-2043

CRABTREE RV CENTER, INC.;
JAMES GILBERT ADAMS;
JOYCE ADAMS; and EZRA
JAMES CRABTREE                                          DEFENDANTS


          and


TEXTRON FINANCIAL CORPORATION                           PLAINTIFF

          v.           Civil No. 09-2044

CRABTREE RV CENTER, INC.;
JAMES G. ADAMS; JOYCE C.
ADAMS; and EZRA J. CRABTREE                             DEFENDANTS


                    MEMORANDUM OPINION

     Now on this 30th day of October, 2009, come on for
consideration the following motions:

        *     Bank of America, N.A.'s **Motion For Partial Summary Judgment Against Guarantors** (document #33);

        *     Textron Financial Corporation's **Motion For Partial Summary Judgment** (document #36); and

        *     the **Motion To Dismiss Action Initiated By Bank Of America For Lack Of Subject Matter Jurisdiction Herein Filed By Defendants, James Gilbert Adams, Joyce Adams, And Ezra James Crabtree** (document #40),

and from said motions, and the responses thereto, the Court finds and orders as follows:

        1.    In these consolidated cases, two plaintiffs -- Bank of America, N.A. ("BOA") and Textron Financial Corporation ("Textron") -- move for partial summary judgment, asking the Court to award them money judgments against defendants James Gilbert Adams, Joyce Adams, and Ezra James Crabtree (the "Individual Defendants") on loan guaranties executed to secure financing advanced to defendant Crabtree RV Center, Inc. ("Crabtree RV"), which is now in bankruptcy.

        The Individual Defendants, for their part, move to dismiss BOA's claim, asserting that dismissal is required based on an arbitration clause in their guaranties with BOA.

        2.    The nature of the arbitration claim is such that the Court will address it first.

        The Individual Defendants state that they "seek and desire

-2-

arbitration" as provided in their guaranties, while BOA contends that its claims are outside the scope of the arbitration agreements and that the Individual Defendants have waived any right to arbitration.

The relevant arbitration provisions in the three BOA guaranties, are as follows:

> (b)  At the request of any party to this agreement, any Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act.

> *     *     *

> (f)  This paragraph does not limit the right of any party to (i)  exercise self-help remedies, such as but not limited to, setoff; (ii) initiate judicial or non-judicial foreclosure against any real or personal property collateral, (iii) exercise any judicial or power of sale rights, or (iv) act in a court of law to obtain an interim remedy, such as but not limited to, injunctive relief, writ of possession or appointment of a receiver, or additional or supplementary remedies.

3.  The scope of the arbitration agreements is an issue for this Court, rather than for an arbitrator, to decide. **U.S. for Use of Light & Po9wer v. Interface Construction**, **553 F.3d 1150, 1154 (8th Cir. 2009).**  In order to determine whether the request for arbitration is within the scope of the arbitration agreements, the Court turns to BOA's pleadings.

BOA's case was commenced by the filing of a Verified Petition For The Immediate Delivery Of Personal Property And Temporary Restraining Order on April 13, 2009.  BOA alleged that Crabtree RV had defaulted on a Security Agreement guaranteed by the

individual defendants.  It sought an order for delivery of the collateral for its loan, and a temporary restraining order preventing any defendant from damaging, dissipating or disposing of the collateral pending delivery.[1]  BOA stated that it "expressly reserves its right to pursue any deficiency amount against Crabtree RV and/or any Guarantor of Crabtree RV's obligations to Bank in the appropriate court or arbitral forum, once that information becomes available."  BOA also included a prayer for "such other relief as this Court deems just and equitable."

BOA contends that its claims "fall squarely within subsection (f)'s exception to the parties arbitration agreement and outside the scope of the agreement."  To the extent that BOA limits its claims to its request for an order of delivery and a temporary restraining order, the Court agrees, and the Motion To Dismiss will, therefore, be denied.

4.   The Court next turns to BOA's Motion For Partial Summary Judgment Against Guarantors.  As required by the Court's Local Rules, BOA filed a Statement Of Undisputed Facts.  It asserted therein the following:

*   Crabtree RV is a party to a Security Agreement with BOA dated October 15, 2005.

*   The Security Agreement allows Crabtree RV to obtain

_____

[1]An *ex parte* temporary restraining order was entered on April 16, 2009, and extended by agreement of all parties until a hearing was requested.

advances from BOA to purchase inventory, and provides for repayment of those sums.

* The Individual Defendants personally guaranteed monies loaned to Crabtree RV under the Security Agreement.

* Crabtree RV defaulted on the Security Agreement, and all sum owed pursuant to the Security Agreement are now due and owing.

* As of June 26, 2009, Crabtree RV owed BOA principal of $1,273,329.94. Interest of $33,337.09 had accrued as of May 31, 2009, and continues to accrue at the rate of $223.54 per day.

BOA also offers the Affidavit Of Aaron Kizer Regarding Motion For Partial Summary Judgment Against Guarantors, in which Kizer avers facts to the same effect.

5. The Individual Defendants do not dispute BOA's factual assertions, and the Court will deem them admitted pursuant to **Local Rule 56.1.** The arguments the Individual Defendants make in resistance to BOA's motion are twofold:

* first, that until the Bankruptcy Court determines how much money Crabtree RV must pay to BOA, it is impossible to tell how much the Individual Defendants will owe to make up the difference on their guaranties; and

* second, that they desire to arbitrate the claims against them as guarantors.

6. With regard to the first argument, the Individual Defendants contend that a guarantor's obligation is "secondary or

-5-

dependent upon the existence of the primary obligation on the part
of the principal," citing **Universal S.E.C. Insurance Company v.
Ring**, **298 Ark. 582, 769 S.W.2d 750 (Ark. 1989)**. BOA responds that
even if Crabtree RV is allowed to discharge its debt for less than
the full amount, the guaranties still cover the full amount of the
debt, citing **U.S. v. Tharp**, **973 F.2d 619 (8th Cir. 1992)**.

Both cited cases are valid, and are good law, but they do not
get at the heart of the real issue, which is whether BOA must
await the conclusion of Crabtree RV's bankruptcy proceedings to
recover on the guaranties.  The Court concludes that the answer to
that issue is "no," by the plain language of the guaranties, which
provide that:

> Guarantor hereby unconditionally guarantees and promises
> to pay to [BOA] on demand all indebtedness of [Crabtree
> RV]. . . . .
>     Demand for payment may be made hereunder at any
> time that any indebtedness is due and unpaid or at any
> time that Debtor is in default under any conditions or
> obligations in any agreement of any kind with [BOA].

Since there is no dispute that the indebtedness is due and
unpaid, or that BOA has demanded payment from the Individual
Defendants, the obligations of the Individual Defendants under the
guaranties are triggered.  There is no provision that BOA must
first collect what it can from Crabtree RV in bankruptcy before it
turns to the Individual Defendants to make up the difference.

7.  The second argument asserted by the Individual
Defendants is that the claims against them on their guaranties
should be dismissed based on the arbitration agreements in the

guaranties.

BOA responds that the request for dismissal should be treated as a motion to compel arbitration, and -- if granted -- should result not in dismissal of the proceedings, but in a stay pending arbitration. BOA contends, however, that neither type of relief is appropriate. It asserts, as it did in response to the Motion To Dismiss, that its claims are outside the scope of the arbitration agreements, and that the Individual Defendants have waived their right to request arbitration.

BOA's argument, in this context, is without merit. Its Motion For Partial Summary Judgment seeks a money judgment against the Individual Defendants on their guaranties, not temporary injunctive relief, and such a claim is not excepted from the arbitration agreements.

Nor can the Individual Defendants be said to have waived their right to request arbitration. A party may be deemed to have waived an otherwise existing right to arbitration by acting inconsistently with that right and prejudicing its opponent. **Kelly v. Golden**, **352 F.3d 344 (8th Cir. 2003)** (wherein the plaintiff instituted a lawsuit and prosecuted it for several years, receiving several unfavorable rulings, before demanding arbitration).

This case is not comparable to **Kelly**. The gravamen of the Verified Petition For The Immediate Delivery Of Personal Property

-7-

And Temporary Restraining Order was for interim and injunctive relief, and BOA vigorously argued against dismissal because such relief is outside the scope of the arbitration agreements.  It cannot now contend that the Individual Defendants waived arbitration by failing to request it for those claims.  Moreover, the pleading itself acknowledges that claims for money damages would be asserted in "the appropriate court or arbitral forum," an indication that the decision to arbitrate would be made if and when BOA pressed its claims for money damages from the Individual Defendants.

Because the Court finds that the claims of the Motion For Partial Summary Judgment are within the scope of the arbitration agreements of the guaranties, and that arbitration has not been waived, it concludes that BOA's Motion For Partial Summary Judgment should be denied.

8.   Like BOA, Textron commenced its action by filing a Petition For Immediate Delivery Of Personal Property & Temporary Restraining Order.  The allegations of this pleading are very similar to those of BOA.  Guaranties are pled, but there is no specific claim as against the Individual Defendants on the guaranties.  Like BOA, Textron pled that it "expressly reserves the right to pursue any deficiency amount against Defendants in the appropriate Court once that amount, if any, is determined." There is, however, no arbitration provision in the guaranties

-8-

running in favor of Textron.

Textron's Statement Of Undisputed Facts asserts the following:

* Textron provided purchase-money financing to Crabtree RV pursuant to a Credit And Security Agreement.

* The Individual Defendants signed guaranties promising timely performance of Crabtree RV's obligations to Textron.

* Crabtree RV has defaulted on its obligations to Textron.

* Crabtree RV owed Textron $1,546,521.67 in principal as of July 13, 2009, as well as unpaid interest of $40,039.43 from March 31, 2009, with interest accruing from that date at the rate of $427.14 per day.

Textron also submitted the Affidavit of Jack Ashby In Support Of Motion For Partial Summary Judgment, in which Ashby avers facts to the same effect.

9. The Individual Defendants do not dispute Textron's statement of facts, which will be deemed admitted. Nor do they contend there is a failure to state a claim against them for recovery on their guaranties. Their only argument against summary judgment on Textron's motion is the bankruptcy argument made in response to BOA's motion, supplemented by the statement that "at this time, it is expected that Crabtree RV Center will offer to pay its secured creditors in full."

The guaranties signed by the Individual Debtors *vis a vis*

-9-

Textron include the following language:

> Guarantor unconditionally and irrevocably guarantees to Textron . . . the prompt payment and/or performance of all indebtedness, obligations and liabilities of [Crabtree RV] at any time owing to Textron. . . .
>
>         \*      \*      \*
>
> . . . The obligations of Guarantor under this Guaranty are absolute and unconditional. Guarantor shall not be released from such obligations for any reason . . . including: . . . bankruptcy . . . or similar proceeding affecting [Crabtree RV] . . . .

There is no dispute that Crabtree RV's indebtedness to Textron is due and unpaid, and the obligations of the Individual Defendants under the guaranties are, therefore, triggered. There is no requirement that Textron must first collect what it can from Crabtree RV in bankruptcy before it turns to the Individual Defendants to make up the difference. Textron's motion will, therefore, be granted, and judgment will be entered in its favor and against the Individual Defendants for the sum of $1,546,521.67 in unpaid principal; interest accrued as of March 31, 2009, in the sum of $40,039.43; and interest from April 1, 2009, to October 30, 2009, in the sum of $90,980.82, for a total of $1,677,541.92.

10. Because this case is a consolidation of three separate cases, the Court has considered whether the judgment in favor of Textron should be made final pursuant to **F.R.C.P. 54(b)**, and finds that it should. Textron's claims against Crabtree RV have been stayed by bankruptcy, and may never return to this Court. Its only remaining claims are those against the Individual Defendants.

-10-

Thus, all of Textron's claims are either stayed, or concluded by the Court's action on this motion.  It would be inequitable if further action on Textron's judgment were delayed by Crabtree RV's bankruptcy, or by the consolidation of its claims with those of other plaintiffs, and the Court expressly determines that there is no just reason for delay in the entry of final judgment on behalf of Textron in its claims against the Individual Defendants.

IT IS THEREFORE ORDERED  that Bank of America, N.A.'s **Motion For Partial Summary Judgment Against Guarantors** (document #33) is **denied**.

IT IS FURTHER ORDERED that Textron Financial Corporation's **Motion For Partial Summary Judgment** (document #36) is **granted**, and judgment will be entered in favor of Textron Financial Corporation and against the Individual Defendants, jointly and severally, for the sum of $1,677,541.92.

IT IS FURTHER ORDERED that the **Motion To Dismiss Action Initiated By Bank Of America For Lack Of Subject Matter Jurisdiction Herein Filed By Defendants, James Gilbert Adams, Joyce Adams, And Ezra James Crabtree** (document #40) is **denied**.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

-11-